804

BROWN, Administrator, Office of Price Administration, v. BANANA DISTRIBUTORS OF CONNECTICUT, Inc., et al.

Civ. No. 1025.

District Court, D. Connecticut.

Sept. 3, 1943.

J. Stephen Knight, Office of Price Administration, of Hartford, Conn., for plaintiff.

Willis G. Parsons and Gross, Hyde, & Williams, all of Hartford, Conn., and George J. Elbaum, of Boston, Mass., for defendants.

SMITH, District Judge.

Defendants' motion to dismiss is founded upon two claims: First—that under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., regulations concerning bananas are invalid unless approved by the Secretary of Agriculture.

■ This raises the question of the meaning of the term "any agricultural commodity" in Section 3(e) Title 1 of the Act, 50 U.S.C.A.Appendix, § 903(e). It is the contention of the Government that this language in the act was intended to refer only to agricultural commodities produced within the United States, and that bananas, being an imported commodity, were not intended to be covered by the act's requirement of prior approval by the Secretary of Agriculture of action with respect to any agricultural commodity. This interpretation has been followed by the Secretary of Agriculture, pursuant to Opinion No. 4434, dated August 22, 1942, by the Solicitor of the Department, as well as by the Office of Price Administration. A reading of Section 3(e) alone would give the meaning contended for by the defendants. However, in view of the fact that the provisions of the balance of Section 3 obviously refer to commodities produced in this country, although not in strict terms so limited, and in view of the fact that Subsection (e) was added in the Senate in an effort to give the Secretary of Agriculture control over prices received by the American farmer, I am constrained to agree with the construction contended for by the plaintiff and hold that prior approval by the Secretary of Agriculture is not necessary as a prerequisite to the validity of orders by the Price Administrator concerning the maximum prices of imported agricultural commodities under the Price Control Act of 1942.

The second ground for the motion to dismiss is the alleged failure of the complaint to set forth a cause of action because it

depends upon the meaning of the phrase "tying agreement", which is either too vague or, if susceptible of definition, does not include the type of practice charged in the complaint.

The complaint charges a violation of Maximum Price Regulation 285, Section 1351.1258, prohibiting the evasion of the price limitations of the price regulation in connection with the sale of imported fresh bananas along or in conjunction with any other commodity, or by way of tying agreement, or otherwise.

The violation charged is the sale of imported fresh bananas in violation of the Regulation in that defendants have compelled and are compelling purchasers to purchase another commodity, such as tomatoes, as a prerequisite to the purchase of bananas, at a total price in excess of the maximum prices allowed by the Regulation, and refusing to sell bananas except with an agreement to purchase such other commodity at such a price, which practices are alleged to constitute a tying agreement in violation of Section 1351.1258.

The phrase "tying agreement" is not, so far as appears, one of well defined meaning in the trade. It might be construed to mean the tying together of several commodities, some under price limitation and some not, or some scarce and some not, or it might be construed to mean a tying of a purchaser to one source of supply as in the "tied houses" which long constituted an evil in the liquor trade. Any type of tying agreement is a violation of the act if used as a means of evasion of the maximum price allowed by the maximum price regulation, but it must be made to appear that the practice is so used in order to set up a valid charge of violation of the act.

Conceivably, any of the practices mentioned might be unconditionally prohibited by regulation if found to carry with it too great a likelihood of use for the purpose of evasion, as similar practices are prohibited with regard to commodities in other maximum price regulations, but such practice, to be thus prohibited, must be sufficiently defined to be readily understandable by those subject to the act. However, the Regulation, as drawn, prohibits evasion by any method, necessarily including a "tying agreement", if that be taken as a description of the method here employed. It is the evasion of maximum prices, not the method, which is prohibited by this section.

The allegations contained in the complaint herein charge compulsion to purchase another commodity with the regulated commodity at a price higher than that set for the regulated commodity by the maximum price regulation, and refusal to sell the regulated commodity except in conjunction with the other commodity and except at such a price. This necessarily constitutes an evasion of the maximum price. For, if the allegations of the complaint are true, and they must be taken as true for the purpose of this motion, the purchaser of the bananas from the defendant is making a payment above the maximum set by the Regulation in order to obtain the bananas.

Since this practice constitutes an evasion of the maximum price established by the Regulation, it is a violation of the act. See opinion of Judge Healey in United States v. Armour & Co. of Delaware, D.C. Mass.1943, 50 F.Supp. 347. It appears to me that the practice alleged is such an evasion and that it is immaterial whether it be called a "tying agreement" or not, to make it subject to control by the courts in a civil action to enforce the act. The motion to dismiss is, in all respects, denied.