ENTERPRISE FRAME & NOVELTY CORP., Plaintiff, *v.* EDWARD SCHIEMAN, Defendant.

City Court of New York, Special Term, New York County, July 10, 1944.

*Orrie L. Shure* for plaintiff.

*Arthur A. Fink* for defendant.

COLEMAN, J. This case comes up on motion by the plaintiff for summary judgment in an action to recover the reasonable value of merchandise sold to the defendant.

Plaintiff and defendant made an agreement in a writing, signed only by the defendant, for the delivery by plaintiff to defendant of certain merchandise (sheets of acetate) in return for which defendant was to deliver to plaintiff certain other merchandise (rolls of acetate of different construction). So far the agreement related only to an exchange, but it also provided that in the event of defendant's failure to deliver the rolls of acetate he would pay for the sheets at the rate of $1.30 per sheet. The plaintiff delivered the sheets but the defendant neither gave merchandise in return nor did he pay for what he received and retained. The trouble with the arrangement is that the total amount defendant agreed to pay for the sheets of acetate, $3,250, exceeds by $1,250 the ceiling price ($2,000) fixed by regulation of the Office of Price Administration pursuant to the Emergency

Price Control Act of 1942. (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) The defendant declined to pay on the ground that the transaction was illegal.

Plaintiff now ignores the contract and sues in *quantum meruit* for the value of the merchandise which it delivered, fixing that value at the ceiling price.

Was the agreement a device to circumvent the law, to effect a sale in excess of the ceiling price? If so, the parties will be left in the position in which they put themselves. Courts will not permit a recovery to either side; they will not allow even a quasi-contractual recovery for the benefits defendant has enjoyed. (Emergency Price Control Act of 1942, § 4, subd. [a]; U. S. Code, tit. 50, Appendix, § 904, subd. [a]; cf. *Cont'l Wall Paper Co.* v. *Voight & Sons Co.*, 212 U. S. 227; *Detroit Edison Co.* v. *Wyatt Coal Co.*, 293 F. 489; *Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94, 99.) Plaintiff may not simply forget about an illegal contract under which he delivered goods to defendant and recover their actual value within the ceiling price. The statute makes the entire transaction "unlawful". "A party to an illegal bargain can neither recover damages for breach thereof nor, by rescinding the bargain, recover the performance that he has rendered thereunder or its value, except as stated in §§ 599–609" (Restatement, Contracts, § 598). Whether any of the recognized exceptions are present here, as, for example, whether plaintiff was "justifiably ignorant" of the illegality of the bargain, cannot be determined from the motion papers.

Whether the agreement was in fact in defiance of the statute cannot be answered now. It is possible that the parties, *in pari delicto,* pretended that an exchange of merchandise might come about, that knowing the ceiling price they worked out a scheme which they thought might pass muster or at least go unnoticed, and that plaintiff would thus be able to get for his goods more than the law allowed. The parties are chary, in the affidavits submitted on this motion, about alluding to, much less confessing that there was, such a scheme. Nevertheless, the suspicion is persistent that they tried to get around the law; the very fact that the price stipulated in the agreement is more than 50% in excess of the ceiling price arrests attention and calls for a full inquiry. Plainly an adequate investigation can be had only at a trial in open court; no satisfactory conclusion can be reached from affidavits. The motion is denied.