Turner v. State, 117 Tex.Cr.R. 434, 37 S.W.2d 747, at page 749.

We think this case was correctly affirmed as shown in the original opinion, and the motion is therefore overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## Ex parte CANAVAN.

No. 22993.

Court of Criminal Appeals of Texas.

Oct. 18, 1944.

Samuel K. Wasaff, of El Paso, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from an order of the District Court of El Paso County remanding appellant to the custody of the Sheriff of El Paso County, who held appellant in custody by virtue of a warrant of arrest issued by reason of a felony indictment.

The record is before us without statement of facts or bills of exception.

No error is apparent from the record.

The judgment is affirmed.

## EL PASO FURNITURE CO. v. GARDNER.

No. 4403.

Court of Civil Appeals of Texas. El Paso.

July 13, 1944.

David J. Smith, of El Paso, for appellant.

Fryer & Milstead, of El Paso, for appellee.

SUTTON, Justice.

This appeal is from the judgment of the El Paso County Court at Law.

The plaintiff, El Paso Furniture Company, instituted this suit against the appellee, as defendant, to cancel and rescind a sales contract, with reservation of title, and to recover an Electrolux Refrigerator alleged to be of the value of $250.

Plaintiff alleged it sold to the defendant the refrigerator on July 10, 1943, which said sale was evidenced by a written contract wherein it is recited the consideration paid and to be paid is the sum of $250, $50 of which was paid in cash and the balance payable in twelve monthly installments in the sum of $16.67 on the 10th day of each succeeding month thereafter until the full amount is paid. Plaintiff further alleged the first three payments had been made and the total sum of $99.67 paid on the contract debt, but defendant had repudiated said contract and had failed and refused to make further payments thereon and had announced that he did not intend to further perform said contract, wherefore, plaintiff tendered back all the money collected and sought to recover the title and possession of the refrigerator.

Title to the refrigerator was retained in the plaintiff until the debt was fully paid; it contained a power of sale and authorized plaintiff to declare the full amount due on any default in the payment of any installment.

The defendant answered he had purchased the refrigerator for use and not in the course of trade; that the same is subject to the provisions of the Federal Emergency Price Control Act of 1942 as amended, 50 U.S.C.A.Appendix § 901 et seq., and the lawful rules and regulations made pursuant thereto; that the ceiling price fixed under the law for the refrigerator in question was $91.50, and the contract of sale was illegal and unenforcible.

The defendant filed a cross-action wherein the pertinent facts were pleaded and sought to recover against the plaintiff the penalties prescribed by the Act aforesaid in treble the difference between the contract price of $250 and the ceiling price of $91.50, plus reasonable attorney's fees.

The plaintiff answered with a supplemental petition wherein it pleaded it had no notice of the ceiling price placed on said refrigerator; that it had bought the same for $150 on the representation and belief it was a 1941 model and the sale price within the ceiling price fixed; that it tendered back all the money collected thereon from the time it had the first notice of the repudiation by defendant and again renewed the tender, etc.

The trial was had to the court and judgment rendered against the plaintiff on its cause and in favor of the defendant on his cross action for $50 penalties; $50 as reasonable attorney's fees and costs of suit. From that judgment the plaintiff has appealed.

Plaintiff has briefed two points of error. One is the court erred in not rescinding the contract and restoring the title and possession of the property to it, and secondly that there is fundamental error because of the failure of the court to dismiss the suit for want of jurisdiction, "because if the court is correct in its theory that the value of the property involved was fixed by the O. P. A. ceiling price of $91.50 and that price was impliedly written into the contract," the court is without jurisdiction.

Plaintiff's testimony is to the effect it purchased and sold the refrigerator on the honest belief it was an eight-foot 1941 model and the sale price within the ceiling. The facts are it is a 1937 model six-foot

appliance and under the price regulations, has a ceiling of $91.50.

Mr. W. S. Chappell, one of the joint owners of the plaintiff concern, and who handled the entire transaction of the sale of the refrigerator to the defendant, testified plaintiff had been in the furniture business for about five years, dealing in new and secondhand furniture and had bought and sold secondhand ice boxes for the same length of time; that he knew of the price control regulations and thought everything they handle is subject thereto, but he did not know, as previously pointed out, the model of the refrigerator involved here, at the time he sold it, but believed it to be a 1941 model. On request the court filed findings and conclusions. On the issue of good faith the court found the existing circumstances were such as to put an ordinarily prudent business man on inquiry and that plaintiff did not inquire or attempt to learn the maximum ceiling price and did not act in good faith in selling to the defendant at the price agreed upon and fixed in the sale contract. There is a sufficient basis for, this inference and conclusion and it is, therefore, binding upon this Court.

Plaintiff cites and discusses a large number of cases on the question of rescission and cancellation, but we think the case must be determined upon the basis of the Federal Law of which plaintiff was compelled to take notice. Properly construed, the trial court's findings are the plaintiff knew, or could have known, the refrigerator sold was a 1937 model and carried a maximum ceiling price of $91.50.

The statute created certain rights and remedies in favor of the purchaser, to-wit, he "may bring an action either for $50.00 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court." It creates no rights in favor of the seller.

The usury statutes furnish an almost, if not identical, parallel situation with the statute here involved. Under the usury statutes, on discovery of the usury, the debtor could have repudiated the contract, brought and maintained an action for penalty, cancelled all future amounts claimed to be due, and obtained a cancellation of the mortgage to the extent of the unlawful claim. Dallas Trust & Savings Bank v. Brashear, Tex.Com.App., 65 S.W.2d 288. Here, under Article 5489, R.C.S., there was a sale of the appliance for part cash and part credit with a mortgage created against the property to secure the unpaid balance. Under the above authority, to which might be added others of like import, and the terms of the statute here applicable, Emergency Price Control Act of 1942, 50 U.S. C.A.Appendix Sec. 904, and subsection (e) of Section 925, the defendant had the right to repudiate, on discovery of the facts, the sales contract, to sue for the penalty and the cancellation of the contract. He declined to make further payments in excess of the ceiling price and forced the initiative on the plaintiff. On the basis of analogy, we conclude that when the plaintiff sought equitable relief, it was only entitled to such relief as was consistent with the statute which inhibited the acts done by it, and since it had collected the maximum price under the law, it was entitled to no relief. See 66 C.J. p. 273, Sec. 247.

The amount claimed in the petition, or the value of the property alleged, determines the jurisdiction of the County Court. Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145, and Williams v. Greer, Tex.Civ.App., 122 S.W.2d 247. The claimed error for want of jurisdiction is accordingly overruled, since plaintiff alleged the value of the refrigerator to be $250 and defendant sought in his cross-action to recover $475.50 penalty.

The defendant has a cross-action wherein he sought to recover a penalty in the sum of $475 and has cross-assigned error on the action of the court in allowing him by way of penalty the sum of $50 only. This is based upon the provision of the Federal Statute, supra, allowing an action for a penalty "for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater." We think the statute contemplated a consideration actually paid, or for which he is legally liable as in the case of a negotiable instrument in the hands of a third party for value, etc. Certainly it could not have contemplated a consideration contracted for which had not been paid. The excessive consideration actually paid in the instant case was $8.17.

We are of the opinion the judgment of the trial court is in all things correct and it is affirmed.