## MORGAN ICE CO. v. BARFIELD et al.

### No. 4319.

Court of Civil Appeals of Texas. Beaumont.

Nov. 21, 1945.

Sonfield & Votaw, of Beaumont, for appellant.

Adams, Hart & Daughtry, of Beaumont, for appellees.

COE, Chief Justice.

Appellees, H. G. Barfield, individually and in his representative capacity as next friend of his son, C. H. Barfield, a minor, brought suit in the district court of Jefferson County, Texas, against the appellant, Morgan Ice Company, a corporation, seeking damages for the breach of an alleged written contract, the writing declared upon as constituting a written contract being in terms as follows:

"July 5, 1944.

"To Whom It May Concern:

"This will certify that we have entered into a commitment with Mr. C. H. Barfield to deliver to him at Beaumont and/or Port Arthur not less than 60—300# blocks of merchantable ice per day for the remainder of the year 1944.

"Morgan Ice Company
"By S. R. Morgan
"General Manager."

The case was tried to a jury, resulting in a verdict upon special issues for appellees in the sum of $4,466.40, and judgment for said sum was thereupon rendered by the court. From that judgment the appellant has perfected its appeal.

In connection with the written instrument pleaded as a contract, the appellees alleged:

"7. By virtue of the facts and circumstances in and under which the above mentioned written contract was entered into, it was necessarily and reasonably implied that the said ice thus contracted for would be, at all times during the life of said contract, delivered by the defendant

and accepted and paid for by the plaintiffs at legal prices, such as they might be from time to time during the said contract, but not to exceed the rates as determined and provided from time to time by the federal Office of Price Administration (the OPA prices).

"8. (By the said express and implied terms of said contract the defendant bound and obligated itself to deliver to plaintiffs each day sixty (60) blocks of ice of three hundred (300) pounds each at the OPA price, which plaintiffs allege was ninety cents a block;)"

The evidence offered by appellees was to the effect that C. H. Barfield entered into an agreement with appellant, Morgan Ice Company, to purchase 60 300-pound blocks of ice per day from July 15, 1944, throughout the remainder of that year, for which he agreed to pay the sum of $1.20 per block, or 40 cents per 100 pounds for such ice. While the jury found in answer to special issue No. 3 submitted to them by the court that C. H. Barfield agreed and obligated himself to pay the Morgan Ice Company the price fixed by the Office of Price Administration for said ice, we have been unable to find any evidence in the record to support such finding by the jury. As we view the evidence in the record, it shows conclusively that C. H. Barfield obligated himself to pay 40 cents per 100 pounds of ice, or $1.20 for each 300-pound block of ice; that appellant breached its contract by failing and refusing to deliver the ice as it had contracted to do, resulting in damages to appellees.

At the conclusion of appellees' evidence, the appellant filed a motion to dismiss appellees' cause of action because the evidence conclusively established a contract which was prohibited by the laws of the United States and the valid and subsisting directives of the Federal Office of Price Administration. This motion was carried by the court without determination until the conclusion of the testimony for each party at which time it was overruled, to which action proper exceptions were preserved, and appellant's first two points challenge the correctness of the action of the trial court in overruling said motion.

▮▮ While appellant has brought forward in its brief 60 separate points, the view we take of the law governing the facts here presented renders it unnecessary for us to discuss any of such points except the first two. Since the pleading and the evidence conclusively show that the ceiling price of ice as fixed by the Office of Price Administrator as applied to the plants operated by appellant was 30 cents per 100 pounds, and conclusively show that the contract established by appellees was one to purchase such ice at the fixed price of 40 cents per 100 pounds, such contract was in violation of and prohibited by the Federal Statutes and directives of the Office of Price Administration and therefore illegal and void.

50 U.S.C.A.Appendix § 904, par (a), provides:

"(a) It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity, or to demand or receive any rent for any defense-area housing accommodations, or otherwise to do or omit to do any act, in violation of any regulation or order under section 2 (section 902 of this Appendix), or of any price schedule effective in accordance with the provisions of section 206 (section 926 of this Appendix), or of any regulation, order, or requirement under section 202(b) or section 205(f) (section 922(b) or 925(f) of this Appendix), or to offer, solicit, attempt, or agree to do any of the foregoing."

The rule is, both under the Federal and State authorities, that where parties who are charged with the knowledge of the law (the Act above referred to and the rulings and ceiling prices fixed pursuant to its provisions constitute the law), undertake to enter into a contract in violation thereof they will be left in the position in which they put themselves. The courts will not permit a recovery to either side. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; El Paso Furn. Co. v. Gardner, Tex.Civ. App., 182 S.W.2d 818; Sommer et al. v. E. B. Kelly Co., Inc., 182 Misc. 157, 47 N.Y. S.2d 57; Enterprise Frame & Novelty Corpn. v. Schieman, 183 Misc. 3, 49 N.Y.S. 2d 860; Long Island Structural Steel Corpn. v. Schiavone-Bonomo Corp., D.C. S.D.N.Y., 53 F.Supp. 505, Id., 142 F.2d 557; Vol. 10, Tex.Juris., Sec. 136, p. 233; Rudolph et al. v. Smith, Tex.Civ.App., 148 S.W.2d 225; Texas Employers' Ins. Assn. v. Tabor, Tex.Com.App., 283 S.W. 779; Bishop v. Japhet, Tex.Civ.App., 171 S.W. 499; Hunt Heirs v. Heirs of Robinson, 1

Tex. 748, 749. Before appellees would be permitted to recover damages for the breach of a contract the duty rested upon them to establish a legal contract.

·  When the evidence shows the contract relied upon by a party is prohibited by law and therefore illegal, the courts are duty bound to dismiss such controversy, thereby denying relief to either party. We sustain appellant's Points 1 and 2, and reverse and remand this cause to the trial court with instructions to dismiss it from its docket with prejudice.