KINCAID, J.
 

 Plaintiffs' first amended complaint is not of the character claimed for it by defendants, whereby they are, in effect, both rescinding and affirming the contract to purchase and sell the used automobile. Facts are sufficiently alleged in the first cause of action showing grounds of rescission for fraud, the election to rescind and notice of rescission accompanied by a return to defendants of everything of value received by plaintiffs, a demand for the return of the amount paid by plaintiffs on the contract and the refusal of defendants to comply.
 

 The second cause of action of such complaint concerns itself with neither rescission nor affirmance of the contract to purchase and sell the used automobile, but is prosecuted under the provisions of the Emergency Price Control Act of 1942, as amended, to recover the penalty of an amount three times the sum claimed to have been paid in excess of the lawful ceiling price. Such a cause of action is not one for damages for the fraud pleaded in the first cause of action but to recover a sum to which they have a right under the federal statute apart from and regardless of whether they affirm or rescind
 
 *992
 
 the contract. That right arose when the unlawful sale was made by defendants.
 

 The evidence sufficiently supports the court’s findings to the effect that defendants knowingly, falsely, fraudulently and untruly misrepresented the mechanical condition of the car to plaintiffs and that they charged the plaintiffs a sum $70 above the lawful ceiling price then in effect for said automobile, in violation of O.P.A. Regulation 540, as amended.
 

 In order to avoid the penalty of an amount three times the amount of the overcharge, as claimed in the second cause of action, the burden of proof is on defendants to show that the violation of the regulation, order, or price schedule in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. (§ 205(e) of the Emergency Price Control Act of 1942, as amended by § 108(b) of the Stabilization Extension Act of 1944, 50 U.S.C.A. App., § 925(e) ;
 
 Bowles
 
 v.
 
 Leventhal
 
 (1945), 61 F.Supp. 144, 148.) Defendants have failed to sustain such burden of proof, and in addition to such penalty the court properly allowed plaintiffs, on the first cause of action, the sum of $300 which represented the down payment. The court’s findings that defendants knowingly, falsely, fraudulently and untruly misrepresented the mechanical condition of the automobile are sufficient to be deemed to include the facts of both wilfulness (68 C.J. 285 et seq.) and failure to take precautions against the occurrence of the violation without the necessity of so stating in the actual words of the statute.
 

 In view of the fact that the amount actually paid by plaintiffs on the price of the automobile in question is less than the amount found by the trial court to be the proper ceiling price and hence they have not actually paid any overcharge on their purchase thereof, the question arises as to whether they may recover anything under the Emergency Price Control Act.
 

 A study of the amended act as a whole, convinces us of the legislative intent to penalize the making of a contract for a sale in excess of the ceiling price regardless of whether the amount paid thereon was in full, or in a sum, by way of partial payment, less than the proper ceiling price. As evidence of such intent the terms “sell” and “buy” are so defined by section 942(a), U.S.C.A., as to include “sales, . . . and other transfers, and contracts and offers to do any
 
 *993
 
 of the foregoing.” Section 904, U.S.C.A., to which such definitions are also applicable, makes it unlawful to “sell or deliver any commodity” in violation of any price fixing regulation or order, or to offer or attempt to do so. Section 925(e), U.S.C.A., under which this action is brought, also applies where any person “selling a commodity” violates such a regulation, order or price schedule. The term “price” is defined by section 942(b) as meaning “the consideration demanded or received in connection with the sale of a commodity.” Section 925(e) provides that “the word ‘overcharge’ shall mean the amount by which the consideration exceeds the applicable maximum price.”
 

 The only case of appellate jurisdiction which has come to our attention would seem to indicate a negative answer to this query. It is
 
 El Paso Furniture Co.
 
 v.
 
 Gardner,
 
 Tex.Civ.App., (July 13,1944), 182 S.W.2d 818. A perusal of such case, however, discloses that the facts therein arose in 1943 and the act is there interpreted as it existed prior to the extensive amendments thereto of June 30,1944. Following such amendments, we consider this case as no longer being of persuasive authority as to this subject.
 

 The price demanded was a sum amounting to a $70 overcharge above the lawful maximum price chargeable, and it is immaterial, so far as the right of recovery under the act is concerned, whether the amount actually paid by plaintiffs on the price of the automobile in question is less than the amount found by the trial court to be the proper ceiling price. The penalty accrues when the overcharge on the price of a commodity is exacted, not when it is paid.
 

 The judgment is affirmed, respondents to recover their costs of appeal.
 

 Shaw, J., and Bishop, J., concurred.