**A. B. LEWIS CO. v. JACKSON.**
No. 11826.

Court of Civil Appeals of Texas. Galveston.
Feb. 6, 1947.

On Filing of Remittitur Feb. 13, 1947.

Rehearing Denied Feb. 27, 1947.

Hirsch, Susman & Westheimer and Harry Susman, all of Houston, for appellant.

Harry W. Freeman, of Houston, for appellee.

CODY, Justice.

This case involves the Emergency Price Control Act, enacted by Congress, Title 50 U.S.C.A.Appendix, § 901 et seq., and OPA regulations promulgated pursuant thereto.

Appellant deals in used automobiles, and in July, 1945 brought suit against appellee on an installment promissory note for the principal sum of $1,035.00, dated March 12, 1945, and to foreclose a chattel mortgage on a 1941 Chevrolet automobile. In connection with said suit, appellant caused said automobile to be seized under a writ of sequestration.

Appellee's answer consisted of a general denial, and trial amendments wherein he alleged in substance: that the note and mortgage sued on were executed and delivered in connection with an unlawful transaction, which violated the Emergency Price Control Act, and regulations pursuant thereto. That such violation consisted of:

(A). Selling the 1941 Chevrolet at a price above the "ceiling price" applicable thereto, namely, above $1110.00, if same were sold without warranty. And that same was sold without any warranty being then and there issued and delivered to appellee. That the price at which same was sold to appellee was the sum of $1387.00.

(B). Requiring appellee to purchase two automobiles instead of one, in order to re-ceive a price for the 1941 Chevrolet above the price lawfully applicable thereto.

Appellee, by way of cross-action against appellant, alleged substantially:

I. That at the time of the sale appellant's agent informed appellee and wife that the "ceiling price" of the 1941 Chevrolet, with the usual warranty, was $1,-319.50. That appellant's agent also stated that the entire cash price would not be accepted, and appellee was by appellant's agent induced to sign certain printed forms in blank, which were by appellant's procurement wrongfully filled out to indicate that appellee had purchased two automobiles. That one of said blank printed forms was so filled out as the promissory note for the principal sum of $1,035.00, upon which appellant brought his suit. That said fraudulently filled out blanks wrongfully indicated that appellee had purchased two automobiles, as follows:

"1941 Chevrolet Convertible,
with warranty — $1387.00
1930 Chevrolet Coach — 388.00
Carrying charges and insurance — 260.00

$2,035.00
Cash received upon purchase — 1,000.00

Balance — $1,035.00"

II. That when appellee discovered that the aforesaid note and mortgage upon which appellant brought suit, purported to be executed by him, he carried the matter to the Houston Office of Price Administration, where a hearing was had thereon, and appellant was by said agency ordered to refund to appellee the sum of $648.00, which consisted of (a) the purported purchase price of the 1930 Chevrolet (which had not been in fact purchased by nor delivered to appellee) in the sum of $388.00; and further consisted of (b) the purported carrying charges and insurance in the sum of $260.00.

III. That numerous defects were discovered in the 1941 Chevrolet and appellee duly requested that same be made good, but appellant disclaimed any responsibility therefor. That the OPA "ceiling price" for the automobile without warranty was

$1055.60, and if sold with such warranty was $1,319.50.

IV. That the seizure of the automobile under writ of sequestration was wrongful, and also without probable cause. That the reasonable value of the use of the automobile was the sum of $30.00 per week.

We omit further statement of the pleadings as being unnecessary.

At the conclusion of the evidence both parties moved for an instructed verdict. But the court submitted the case upon ten special issues, which, so far as material, were answered substantially as follows:

(1) Appellee did not knowingly agree to purchase two automobiles. (2) He did not knowingly sign the note and mortgage sued on. (4) Appellant did not deliver at the sale a dealer's warranty, as provided by OPA regulations. (5) That in making the affidavit for writ of sequestration, appellant did not fear appellee would injure the automobile. (7) The writ of sequestration was wrongfully sued out, and without probable cause. (8) That the reasonable rental value of the automobile per week from the time the writ was sued out was $30.00. (8) Exemplary damages amounted to $1,110.00. (10) That $750.00, if paid at the time of the trial would be reasonable attorneys' fees.

. Appellant seasonably moved for judgment notwithstanding the verdict, but the court rendered judgment for appellee, concluding, as recited therein, "The note and chattel mortgage sued on herein are illegal, void and unenforcible, for the reason that a tie-in sale was made in violation of OPA regulations and for the reason that a price for a warranted car was charged when, under the verdict of the jury, no warranty was given, in violation of OPA regulations, consequently the writ of sequestration procured by plaintiff was illegally as well as wrongfully issued and should therefore be quashed."

The court's judgment provided that appellant was entitled to recover the $648.00 which he had been required to refund by the OPA enforcement officers, said sum to be offset against the recovery by appellee against appellant. From this portion of the judgment appellee excepted, but has not prosecuted an appeal. The judgment provided however that appellant should not recover upon the note sued on, and that the chattel mortgage should not be foreclosed. Upon appellee's cross-action judgment was rendered against appellant for exemplary damages in the sum of $1110.00; and for the rental value of the automobile at the rate of $30.00 per week, totally $1,260.00; and for attorneys' fees in the sum of $750.00. From the judgment adverse to him, appellant prosecutes this appeal.

Appellant predicates his appeal upon thirteen formal points. We have, for the sake of brevity, edited appellant's points I, II, III and V, and condensed them into the point we have designated as appellant's point I, and changed the remaining number of his points to read consecutively. As so edited, appellant's points read:

I. The law and regulations here involved do not forbid the sale of automobiles, and a contract of sale providing for a purchase price in excess of the "ceiling price" is unenforcible only as to the excess.

II. (IV) The Price Emergency Act specifically gives the purchaser the remedy to recover three times the overcharge, and therefore the courts will not add an additional penalty and refuse to enforce the contract.

III. (VI) Even though the original transaction were illegal because of an overcharge, the illegality was removed by the repayment to appellee of $648.00, and the contract was thereafter enforcible.

IV. (VII) The tie-in sale, that is, requiring a purchaser to buy two automobiles instead of one is not prohibited by the OPA regulations.

V. (VIII) Where the sale of an automobile is with a warranty, the fact that the seller fails to deliver a writing evidencing the warranty is not such a violation as will make the contract illegal and unenforcible.

VI. (IX) The note and chattel mortgage being legal, the writ of sequestration was properly sued out under the chattel mortgage.

VII. (X) Appellant had the right to take possession of the automobile on appellee's default in payment of debt and appellant cannot be liable for taking property by writ of sequestration though it wrongfully be procured.

VIII. (XI) Actual damages in the sum of $1,260.00 (being rent at the rate of $30.00 per week) is excessive.

IX. (XII) Exemplary damages in the sum of $1,110.00 is excessive.

X. (XIII) Recovery in the sum of $750.00 as attorneys' fees was improper.

Before the submission of this cause, appellee filed herein his motion to strike Points I and II of appellant's brief which motion we ordered taken with the case. Such motion is without merit, and it is accordingly overruled.

### Opinion.

We overrule appellant's point I. The act in question denounces as unlawful "for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity * * * or otherwise to do or omit to do any act, in violation of . any regulation or order under section 2, or of any price schedule * * *" 50 U.S.C.A.Appendix, § 904. The ceiling price for a 1941 Chevrolet sold without warranty was proved to be $1,110.00. The jury found that the sale was made without the dealer's warranty under OPA regulations. But in any case, even with the dealer's warranty, the ceiling price was $1,387.00

There was evidence from which the jury found that the sale of the 1930 Chevrolet was merely a fabricated transaction on paper. Whether the note for $1,035.00 and mortgage, which according to appellee's evidence were fabricated as a part of the fabricated transaction, would have been subject to the defense of non est factum is not here presented. But under the jury's findings there can be no question that the note and mortgage were taken by appellant in violation of the Emergency Price Control Act. Therefore the note and mortgage were invalid, and the courts will not enforce them. "The rule is, both under the Federal and State authorities, that where parties who are charged with the knowledge of the law * * * undertake to enter a contract in violation thereof they will be left in the position which they put themselves." Morgan Ice Co. v. Barfield, Tex.Civ.App., 190 S.W.2d 847, 848.

We overrule appellant's point II (IV). The courts are without power to add any penalties to a statute whether enacted by State or Federal legislation. The refusal of a court to enforce a contract which is void because it is illegal is in no sense the exercise by the court of legislative powers. To the contrary, we think it could with better reason be charged that the courts exercised, the law-making power if they declared a contract to be legal and enforcible, which the law-making power denounced as unlawful.

Appellant's Point III (VI) is to the effect that the contract was purged of illegality by the repayment to appellee of $648.00. Actually by making such refund appellant did in a large measure what was in his power to purge the sale of its illegality. Appellee accepted the refund. There was thus a change of position on the part of appellant. He paid to appellee what he was not in law bound to pay him, at least on the theory of the cross-action. And it may be that had appellant pled an estoppel against appellee the appellee would have been estopped to assert that the transaction was illegal. But it cannot be held that the refund affirmatively purged the transaction of its illegality. See Wegner v. Biering, 65 Tex. 506; Howard v. Smith, 91 Tex. 8, 38 S.W. 15; Reed v. Brewer, 90 Tex. 144, 37 S.W. 418; 17 C.J.S., Contracts, § 285, p. 672. Said Point III is overruled.

The jury in effect held that the sale of the 1930 Chevrolet was a fabricated one. But if it can be said that the 1930 Chevrolet was sold to appellee in a tie-in agreement, it presented an evasion of the Act, and was illegal. Brown v. Banana Distributors of Connecticut, D.C., 52 F.Supp. 804; United States v. George F. Fish, Inc., 2 Cir., 154 F.2d 798, 800. But whether the sale

was a "tie-in" agreement or not, the note and mortgage were illegal. Appellant's Point IV (VII) is overruled.

■ Appellant's point V (VIII), is to the effect that where the sale of an automobile is with a warranty, the fact that the seller fails to deliver a writing evidencing such warranty, is not such a violation as will make the contract unenforcible. Under OPA regulations a warranted used car is one "(2) For which a dealer (as defined in 15(L)) furnishes in writing to his purchaser at the time of sale the warranty in paragraph (C)." The substance of such warranty was that the automobile was in good working condition, and the dealer guaranteed to keep it in such condition for 30 days, or for 1000 miles. It does not seem to be denied that appellant actually furnished the service which the dealer's warranty would have required of him. What, if any other reason than to furnish such service, the dealer's warranty was required we do not perceive. We deem it unnecessary to rule on this point since the contract of sale was otherwise illegal. The point therefore does not present reversible error.

■ Appellant's points VI (XX) and VII (X) are to the effect that the note and chattel mortgage were legal, that under the mortgage appellant could, in case of default, seize the car. Since we have held that the note and mortgage were illegal, we cannot sustain said points, and they are overruled.

■ Appellant's remaining points, except X (XIII), are addressed to the claim of excessiveness of the verdict. We cannot hold that the damages allowed as the rental value of the automobile, which was at the rate of $30.00 per week was excessive. Such valuation was supported by appellee's evidence. Appellee asserts, and appellant does not deny, that appellant offered no evidence on such value.—Attorneys' fees may be considered by a jury in fixing the amount of exemplary damages. Houston & T. C. Ry. Co. v. Oram, 49 Tex. 341, 346; Kubena v. Mikulascik, Tex. Civ.App., 228 S.W. 1105, 1107, and authorities there cited. Appellant did not object to the court's definition of exemplary damages, but did object to any issue being submitted on attorneys' fees on the ground that the jury could only consider attorneys' fees in passing on the question of exemplary damages. We do not believe the jury was misled. But we have concluded that in allowing $1110.00 as exemplary damages, eo nomine, and in allowing $750.00 additional exemplary damages under the name of attorneys' fees, the award was excessive by $750.00.

■ Rule 440, Texas Rules of Civil Procedure, provides that, if the Court of Civil Appeals is of the opinion that the verdict and judgment of the trial court is excessive and the cause should be reversed for that reason only, then said Court shall indicate to such party or his attorney within what time he may file a remittitur. It is therefore ordered that this cause be reversed and remanded for a new trial unless appellee shall file within fifteen days from this date a remittitur in the sum of $750.00. If such remittitur be so filed, this cause will be reformed and affirmed in accordance therewith.—What has been said disposes of Point X (XIII).

Reversed and remanded unless $750.00 remittitur filed within 15 days from this date and opinion thereon filed February 6, 1947.

## On Filing of Remittitur.

PER CURIAM.

This Court, on February 6, 1947, entered its order herein requiring appellee to file within fifteen days from such date a remittitur in the sum of $750.00, and provided in such order that, upon his failure to so file said $750.00 remittitur, this Court would reverse the judgment of the trial court and remand the cause for a new trial.

It now appears that on February 8, 1947, appellee filed a remittitur in the sum of $750.00 pursuant to this Court's order of February 6, 1947. Therefore, the judgment of the trial court will be reformed so as to award to appellee a net recovery of $1722.00 with interest thereon at the rate of six per cent per annum from May 9, 1946, the date of the trial court judgment, instead of the

net recovery of $2472.00 as awarded by the trial court. The costs of appeal will be taxed against the appellee.

Reformed and affirmed.

Judgment rendered and per curiam opinion filed February 13, 1947.