AARON B. CHAPMAN *versus* INHABITANTS OF LIMERICK.

When the record is silent on the subject, parol evidence, that the moderator of a town meeting was sworn, should be of a direct and positive character.

The return upon a warrant calling a town meeting must bear the sign-manual of the constable who executed it.

It is not sufficient that his name was written at his request and in his immediate presence, after having heard it read.

ON REPORT.

KENT, J. —This case is submitted to the Court, with jury powers. The whole evidence is reported. The action is instituted to recover back the amount of a tax, which the defendant alleges was illegally raised, assessed and levied. Several objections have been made to the legality of the town meeting at which the tax was voted.

The first objection is that it does not appear that the moderator was duly sworn. This is required by c. 3, § 19, R. S. The record is silent on the subject. The defendants offer certain parol evidence to prove that he was in fact sworn " by a justice of the peace, or by the person presiding at the meeting when he was chosen." It has been decided in several cases in this State that, in the absence of record evidence, the fact that the required oath was legally administered may be proved by parol. *Kellar* v. *Savage*, 17 Maine, 444; *Hale* v. *Cushing*, 2 Maine, 218; *Cottrill* v. *Myrick*, 12 Maine, 222.

But the question here is, whether the required fact has been sufficiently established by the parol proof? It is to be considered that where the law requires a certain thing to be done, which, from its nature, if not by the positive requirement of the statute, should be recorded and duly certified, the permission to waive the production of the record and to allow parol proof should be so guarded, that nothing short of plenary or clear and distinct and absolute evidence should be received as sufficient substitute for the record.

The testimony should be of a direct and positive character, and not inferential or only a strong belief and conviction in the mind of the witness that the oath was administered, or that, from the nature of the case, it must have been.

The only evidence in the case on this point is the testimony of the moderator himself. He says, "I think I was qualified as moderator by the presiding officer of the meeting, — the man in the desk, — the chairman of the selectmen, A. A. Libby. I am very positive I was sworn. The clerk was not present. D. C. Eastman, chosen clerk *pro tem.*, was sworn by Abner Burbank, a justice of the peace."

*Cross-examined.* — He said, "am very confident that I was sworn by A. A. Libby. Am as confident that I was sworn by A. A. Libby as I am that I was sworn."

The next best evidence to the record in the town book would be the certificate of the magistrate who administered the oath. Perhaps the next to that would be the testimony of such magistrate to the fact. The person who, it is believed by the witness, administered the oath, is not called to testify. But it has been decided that the fact may be proved by the testimony of the party who took the oath. But is it unreasonable to require, if that is to be relied upon solely, that it should be more positive, distinct and certain than the statements of this witness? In all the cases cited, the proof by oral testimony was positive and undoubting. In one case, it was the certificate of the magistrate. It cannot escape notice that the witness speaks absolutely and unqualifiedly as to the fact that the oath was administered to the clerk *pro tem.*, and as to the person who administered it.

We do not, however, deem it necessary to finally determine this point at this stage of the case, for reasons that will appear in the conclusion to which we have come as to the present disposition of the case.

The next objection relates to the warrant and return thereon. The defendants put into this case the *original* warrant and return, and it is made part of the case by themselves, and is therefore properly before us. The constable, whose

name appears as the signer of the return, called by the defendants, testified that "the signature to the return on the warrant is not my handwriting.   It was written, by my direction and in my presence, by Abner A. Libby, one of the selectmen.   I was standing beside his counter, told him to write my name to the return, after he read the return, which he wrote."

This presents the question, whether a public officer can authorize another to put his name to an official document, which the law requires shall be signed by him.   It may be admitted that a private person, when acting in his own business, may bind himself by a signature, which he directs another to make for him.   But the law generally means by a signature, the writing by a man of his own name, or by actually making his mark.

The distinction between the signatures binding individuals, when made by another, and those made by public officers in their official capacity, is clearly set forth by the statute entitled "Rules of Construction," c. 1.   By § 4, it is provided that "the following rules are to be observed in the construction of statutes, unless such construction is inconsistent with the plain meaning of the enactment."   The xviii rule is this, — " When the signature of a person is required, he must write it or make his mark."

It will be observed that this is not a general rule, applicable to contracts or instruments between private persons, except were a signature is required by a statute.   It was very manifestly intended to reach the cases of public officers, required by the statute to sign official documents, and, to do away with any possible construction, by which an official signature could be made by proxy.

The statute (c. 3, § 7,) requires that "the person who notifies the meeting shall make his return on the warrant, stating the manner of notice and the time it was given." This return is an essential preliminary to a legal meeting. It is the legal evidence that it has been called according to law.   It is conclusive upon the rights of all.   If, therefore,

becomes a very important public document. The officer making it is responsible for its truth and correctness. It requires no argument to show that it was never in the contemplation of the law-makers, that official certificates or returns, which the law requires of those holding certain offices, might be signed by attorney or agent, or that they could have any legal validity unless signed by the officers so that they should bear his own handwriting. There may be cases, unquestionably, where the signature is made by a third party, at the request of the officer, in good faith and with honest intentions by all the parties. And this is, without question, one of such cases. But, if we sanction this mode of authentication in such a case, we establish a doctrine, which will be far reaching in its effects. It would reach to all cases where any public officer is required to sign any instrument or certificate. The clerk of the Court might sign writs, executions and records, by proxy. A sheriff might authorize a bystander, perhaps a transient person, when no one else was present, to write the sheriff's name to a return of a levy. The Governor of the State might thus sign a death-warrant.

If this action by deputy was sanctioned it would offer temptations to many officers to avoid all liability for their official misdoings or neglects, or mistakes, by taking care to have a third party write his name to his return or certificate, and taking care to have the proof, that it was done by his direction, difficult if not impossible. A denial of his signature would be his defence. It is well known that the President of the United States has a secretary who is authorized to sign the name of the President to land warrants. But this is given by a special law, and the fact that such law was required, before the President could be relieved from the drudgery of signing each warrant, is strongly corroborative of the general doctrine — that all public officers must sign their own name to their own returns and certificates of official acts.

This is not a case where the officer purports to act by deputy, and this fact appears on his properly signed return. In cases like this, there is no indication or intimation that a third party had anything to do with the return or the signature.

If the signature had been made, according to the literal fact, viz., A. B., constable, by C. D., could it have been regarded as a legal return, answering the requirement of the statute?

We find the case of *Richardson* v. *Bachelor*, 19 Maine, 82, in which it was decided that, where the signature of a justice of the peace to a writ was in his own handwriting, but on a slip of paper which was affixed to the writ, and the justice adopted and recognized it when the case was before him, — the signature was held sufficient. In this case, it will be observed, that the signature was genuine, — that no injury could result as from a forgery, and that the writ must be brought before the justice, and he could determine whether to adopt it or not, and all parties interested could avail themselves of any objection to the irregularity.

The case of *Achorn* v. *Matthews*, 38 Maine, 173, was a case where the signature of the magistrate was not written by himself, but adopted. The Court below recognized it and determined that it was sufficient. This Court only determined, after stating the question, that it was simply the exercise of discretion in the Court below, to which no exceptions could be taken. No opinion or decision was given on the point in question.

It is true that the Court feels itself justified in sustaining the acts of towns and town officers, by a liberal construction of the law, and always inclines towards a favorable view of their doings, where mere matters of form are in question. But this defect seems to us something more than form, — a town meeting is not a legal one, unless due notice was given. This is to be proved by the return " of the person who notifies the meeting," and to whom the warrant was directed. The return must be made by him under his own hand, so

that he may be held for any neglect or false return. We cannot think that it would be either safe or legal to admit the doctrine, that the signature may be made by a third party, on verbal directions by the officer. We think this should be understood by all public officers.

This case is before us on report, and we are at liberty to give the case such direction as right and justice may require. We are not satisfied that the officer cannot now sign the return, with his own hand, in the nature of an amendment under § 8 of c. 3, R. S. We therefore discharge this report and remit the case to the Court at *nisi prius*, with liberty to either party to move any amendments of the records or papers, or to furnish additional proof as to the qualification of the moderator, or to supply any defect in the records or proof, reserving the determination of the legality or effect of such matters as in other like cases.

*Report discharged.*

APPLETON, C. J., WALTON, DICKERSON and BARROWS, JJ., concurred.

*E. B. Smith & C. E. Clifford*, for the plaintiff.

*Drew & Burbank*, for the defendants.