DEEP RIVER NATIONAL BANK'S APPEAL FROM COMMISSIONERS.

First Judicial District, Hartford, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Section 1094 of the General Statutes provides that relevant declarations and memoranda of deceased persons shall be admissible in actions against their representatives, but that no acknowledgment or new promise shall be sufficient to take the case out of the statute of limitations, unless it be contained " in some writing made or signed by the party to be charged thereby." *Held* that a letter which was dictated to and typewritten by a stenographer, and was signed by the latter with the decedent's name by means of a rubber stamp furnished by him for that purpose, sufficiently complied with the terms of the statute.

A letter written and signed by an officer of a corporation, as such, affects him individually in so far as it relates to his personal obligations.

The evidence in the present case reviewed and *held* to warrant the conclusion of the trial court that the letters in question were dictated

by the decedent to his stenographer and were by the latter tran-
scribed and signed pursuant to the decedent's directions.

*Prima facie* proof of the authenticity of letters is all that is required
to render them admissible in evidence.

Submitted on briefs October 15th—decided December 18th, 1900.

APPEAL from the action of commissioners on the estate of
Clinton B. Davis, deceased, in disallowing certain claims pre-
sented by the appellant, taken to the Superior Court in Mid-
dlesex County and tried to the court, *Thayer, J.;* facts found
and judgment rendered in favor of the claimant, and appeal
by the administrator for alleged errors in the findings and
rulings of the court. *No error.*

The statement of claim filed in the Superior Court alleged
that said Davis was an indorser upon two described notes.
The respondent pleaded the statute of limitations, to which
answer there was a reply of a written acknowledgment and
promise to pay within six years, and a rejoinder denying the
averments of the reply. The court found the following
facts:—

"1. Clinton B. Davis died in September, 1898, and his es-
tate is in settlement as an insolvent estate. There were duly
presented to the commissioners on said estate several notes of
which the appellant, the Deep River National Bank, is owner
and holder, some of which were allowed by the commissioners
and some of which were disallowed. 2. Two of said notes—
and the only ones about which there was any controversy
on the hearing before this court—were as follows, viz: one
for the amount of $1,656.24, dated February 2d, 1891, signed
by Stevens, Corwin & Co., to the order of the Higganum
Manufacturing Corporation, and endorsed by said corporation,
by George M. Clark, and by said Clinton B. Davis; the
other for $5,000, dated January 14th, 1891, signed by said
Higganum Manufacturing Corporation, payable to its own
order, and endorsed by it and by said Clark and said Davis.
3. Each of said notes was payable six months after date.
Neither of said notes was paid when due. Each was duly pro-
tested for non-payment, and all parties duly notified. 4. Said
Clark was president of said Higganum Manufacturing Cor-

poration, and said Davis was its treasurer and secretary.   Said corporation became insolvent and went out of business in 1891, and shortly after the Cutaway Harrow Company, a corporation, was formed with the same officers, and carried on a business similar to that of said insolvent corporation. 5. Various payments have been made on said notes, some in 1891 and 1892 as dividends from said insolvent corporation's estate, and some in 1897 and 1898 by said Cutaway Harrow Company, as hereafter described.   The amount of said payments is $1,896.97.   6. Said Cutaway Harrow Company became insolvent in the fall of 1898.   7. Under an arrangement made between said Deep River National Bank and said Cutaway Harrow Company by its treasurer, Clinton B. Davis, in the spring of 1897, said bank was to discount paper for said Harrow Company, and out of the proceeds of said discounts said bank was to receive five per cent thereof to apply on said described notes.   8. Upon the trial the appellant, to take said notes out of the statute of limitations, offered in evidence the letters hereto annexed as Exhibits 1, 2, 3, 4 and 5.   To this evidence the appellee objected, upon the ground that they were not shown to be the letters of Clinton B. Davis, but were in fact the letters of the Cutaway Harrow Company, and that they were not sufficient evidence of a new and continuing contract in accordance with General Statutes, § 1094, nor were they material to the facts in issue, as the appellant in his pleadings had alleged a promise in writing on the part of Clinton B. Davis.   The court sustained the objection, it being apparent upon the face of the letters that they were signed by means of a stamp.   Thereupon the appellant offered evidence to prove, and from such evidence and the letters themselves the court found, that said letters were dictated by said Clinton B. Davis to a stenographer employed by said Cutaway Harrow Company, who afterwards by direction of said Davis transcribed them upon a typewriter, and by said Davis' direction affixed the signature appearing thereto by means of a rubber stamp, which was provided for the purpose of having it used by the typewriter in that manner, and thus save said Davis the trouble of signing the correspondence personally.

Said letters were written about the business of said Cutaway Harrow Company, under the letter-heads of said company, and when checks were enclosed they were the checks of that company, and the notes enclosed for discount were the property of said company.    The words 'me,' 'myself,' and 'the writer,' found in said letters, refer to said Clinton B. Davis, and the Mr. Clark referred to therein was Mr. George M. Clark, the endorser of said notes.    Said bank held no other notes of the Higganum Corporation or of any other person, at that time, on which said Clark or said Davis were endorsers, and the endorsements referred to in said exhibits were the endorsements of said Clark and said Davis upon the two notes here in question.    After such proof had been offered the appellant again offered said exhibits in evidence, said objection was renewed and overruled, and the appellee duly excepted.    9. No evidence other than said exhibits was introduced to prove a written acknowledgment or promise signed by said Davis, to remove the bar of the statute of limitations.    10. Upon the argument the appellee's counsel claimed and asked the court to rule that said letters were not sufficient evidence of an acknowledgment or promise, under § 1094 of the General Statutes, to take the claim of the appellant out of the statute of limitations.    11. The court overruled said claim and allowed the appellant the balance due upon said notes, as well as the balance of its claim."

Said letters, Exhibits 1, 2, 3, 4 and 5, were all signed by said stamp, "Clinton B. Davis, Treasurer," and were addressed to the Deep River National Bank or to Mr. Spencer, its president.*

---

* "May 6th, 1897.   I have not heard from you in reference to proposition I made you regarding the retirement of paper which Mr. Clark and myself are held as endorsers on. . . . Now if you could carry a small line of our paper, which is strictly business, we have nothing else, allowing five per cent on the face of the notes to apply on our indebtedness, it will enable us to gradually retire same without any expense to you."

"May 24, 1897.   Agreeable with letter, also with talk with Mr. Wooster, I beg to inclose herewith note of the A. J. Tracy Co. Ltd. for $620, due September 15th.   As per Mr. Wooster's suggestion, perhaps it would

The respondent moved for a correction of the finding by striking out the statement that these letters were dictated by said Davis to the stenographer, and the signature affixed thereto by the stenographer at the direction of said Davis by means of a rubber stamp provided by Davis for that purpose, and also the statement in the finding that the indorsements referred to in said exhibits were the indorsements of said Clark and Davis upon the two notes in question, upon the ground that there was no evidence to support such finding.

The rulings of the court in admitting said letters in evidence, in overruling the claims of law in paragraphs 10 and 11 of the finding, and the exception to the refusal of the court to correct the finding, are the reasons of appeal assigned.

*Gustaf B. Carlson*, for the appellant in this court (the estate).

*Washington F. Willcox* and *C. A. Pelton*, for the appellee in this court (the claimant).

HALL, J.   Section 1094 of the General Statutes provides that "in actions against the representatives of deceased persons, no acknowledgment or promise shall be sufficient evidence of a new or continuing contract to take the case out

---

be better to discount regularly and we send you check for the five per cent to be credited on Mr. Clark's and my endorsements, which would be agreeable to us.   I believe by this means to be able in time to recompense you in full for our endorsements."

" June 5th, 1897.   We herewith enclose our check for $41.87, being five per cent on note of James W. Davis, also the A. J. Tracy Co. Ltd. Please credit the $41.87 on such notes held by you, as Mr. Clark and myself are endorsers on, of the Higganum Manufacturing Corporation."

"August 4th, 1897.   We enclose herewith two notes. . . . We would be pleased to have you discount same, when we will send you check for five per cent of the amount to apply on endorsements of Mr. Clark and the writer."

"November 11th, 1897.   We beg herewith to enclose small note of the A. J. Tracy Co. Ltd. If you will be kind enough to discount for us, charging us five per cent, and crediting same on endorsements of Geo. M. Clark and the writer, you will greatly oblige."

of the statute of limitations, unless the same be contained in some writing made or signed by the party to be charged thereby."

In the absence of any provision requiring such acknowledgment to have been written or subscribed by the hand of the deceased person, the meaning of the word "writing," as used in this statute, is not to be limited to words traced with a pen or pencil; nor the words "writing made . . . by the party to be charged thereby," to writings made by the hand of such person; nor the words "writing . . . signed" by such person, to writings subscribed by the deceased with his own hand.

Proof that the letters containing the alleged acknowledgments were dictated by the deceased to a stenographer, and were by the latter, at the direction of the deceased, typewritten and signed with the deceased's name by means of a rubber stamp, was proof (1) that they were writings (*Henshaw* v. *Foster*, 9 Pick. 312, 318), since "typewriting is a substitute for and the equivalent of writing;" (2) that they were made by the deceased, since he directed them to be made, and adopted them after they were made, by directing them to be stamped with his name; and (3) that they were signed by him, since in the absence of any express or implied requirement of law that one shall subscribe a writing with his own hand, he may properly sign it by means of such a stamp used by himself or by another at his direction. *Schneider* v. *Norris*, 2 M. & S. 286; *Streff* v. *Colteaux*, 64 Ill. App. 179; *National Accident Society* v. *Spiro*, 47 U. S. App. 293; *Hamilton* v. *State*, 103 Ind. 96; *Chapman* v. *Limerick*, 56 Me. 390; *Dreutzer* v. *Smith*, 56 Wis. 292.

The letters contain an unequivocable acknowledgment of an existing indebtedness of Davis to the bank as indorser with Clark, and their language is therefore sufficient to remove the bar of the statute; *Blakeman* v. *Fonda*, 41 Conn. 561; *Norton* v. *Shepard*, 48 id. 141; and as the two notes in question were the only ones then held by the bank upon which Davis and Clark were indorsers, the court was justified in finding from the language of the letters that the indorse-

ments they referred to were those of Clark and Davis upon both of said notes.    *Cook* v. *Martin*, 29 Conn. 63.

Although these letters were written under letter-heads of the Cutaway Harrow Co., and concerning its business, and were signed " Clinton B. Davis, Treasurer, " they were nevertheless personal letters of Davis, if proved to have been written and signed by his direction, in so far as they spoke in his name regarding his personal affairs.

There was evidence to show that Davis, who was the treasurer of the Cutaway Harrow Co. and its financial manager, did the principal business with the banks, and dictated to a stenographer letters written to the banks ; that the stenographer, having transcribed such dictated letters upon a typewriter, was authorized by Davis to affix to them the latter's signature with the rubber stamp which Davis had procured and which he used in the office in signing both business and personal letters, and with which the letters in question were signed.    The contents of the letters themselves indicated that they were dictated or written by one familiar with the business of the company and with Mr. Davis' affairs.    In the absence of any evidence to the contrary, the proof thus presented was sufficient to sustain the finding that the letters were dictated by the deceased to the stenographer, and that the latter transcribed them and affixed the signature by direction of Davis.    After such proof the letters were properly received in evidence.    To render them admissible it was not necessary that it should be proved beyond a reasonable doubt that they were the letters of Davis, but only to introduce evidence which, when uncontradicted, would satisfy all reasonable minds of that fact.    *Ingram* v. *Reiman*, 81 Ill. App. 123.

There is no error.

In this opinion the other judges concurred.