## J. & S. FERGUSON v. LYLE (two cases).
## In re G. S. BAXTER & CO.

(Circuit Court of Appeals, Fifth Circuit.   June 29, 1920.)

Nos. 3534, 3549.

1. **Limitation of actions** ☞146(3)—**Signed statement of indebtedness by creditor sufficiently "signed" acknowledgment to remove bar.**

   A statement of indebtedness furnished on request of a creditor, prepared and signed with the name of the debtor, by his bookkeeper, and delivered to the debtor, who in turn delivered it to the creditor, *held* sufficient acknowledgment under either Gen. St. Fla. § 1717, or Code Civ. Proc. N. Y. § 395; the statement being "signed" by the debtor, for by delivering it to the creditor the debtor adopted it in its entirety including the signature.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sign.]

2. **Bankruptcy** ☞324—**Creditor entitled to interest owing when petition is filed.**

   Under Bankruptcy Act, § 63a(1) being Comp. St. § 9647a(1), a creditor is entitled to include in his claim interest owing at the time of filing of the petition.

Appeal and Petition to Superintend and Revise from the District Court of the United States for the Southern District of Florida; R. M. McCall, Judge.

In the matter of G. S. Baxter & Co., a partnership, bankrupt; H. Lyle, trustee.   J. & S. Ferguson appeal from an order of the District Court, and also petition to revise.   Reversed and remanded, with directions.

See, also, 250 Fed. 307.

E. J. L'Engle and Wm. K. Jackson, both of Jacksonville, Fla., for appellants and petitioners.

Telfair Knight and Lee Guest, both of Jacksonville, Fla., for appellee and respondent.

Before WALKER and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.   On January 23, 1918, G. S. Baxter & Co., a partnership, and the individual partners, consisting of G. S. Baxter, W. Frazier Jones, and Walton Ferguson, Jr., of New York, Florida, and Connecticut, respectively, were adjudged bankrupts upon a petition in involuntary bankruptcy filed December 7, 1917.   After the adjudication appellants filed and proved their claim, which was based upon promissory notes and open accounts, and which amounted to $599,277.65.   There is no controversy either as to the justice or the amount of the claim.   However, a considerable portion of it is barred by the statute of limitations.   In Florida the statutory period on the notes is five years and on the open accounts is three years, while in New York it is six years on both.   This claim accrued in New York. The trustee relies upon the Florida statute of limitations.   Appellants insist that, if either statute be applicable, it is that of New York; but

they seek to avoid both statutes of limitations upon the ground that the bankrupt firm acknowledged the indebtedness in writing.

[1] On July 31, 1917, the bankrupts, in compliance with a request therefor by appellants, furnished a statement from their books and entitled it "Bills Payable—J. & S. Ferguson, July 31, 1917, by G. S. Baxter & Co." This statement covered the entire indebtedness of the bankrupts to appellants, including items from October, 1909, to the date thereof. A member of the bankrupt firm instructed its bookkeeper to prepare the statement, which she did, and delivered it to him, or to his son, who in turn delivered it to appellants. The entire statement was typewritten, except the words "by G. S. Baxter & Co.," and they were in the handwriting of the bookkeeper, and were written into the statement by her before she delivered it to her employers.

The referee held that the proof submitted by appellants was insufficient to take the case out of the statute of limitations, and applied the Florida statute, which resulted in the reduction of the claim by the amount of $120,577.65. He also declined to allow any interest, and certified to the District Court for review the following questions:

(1) Are the claims of J. & S. Ferguson controlled by the statute of limitations of the state of New York, or of the state of Florida?

(2) Does the list of bills payable attached to the amended claim, and filed in evidence as aforesaid, constitute such a new promise or acknowledgment as will toll the statute of limitations?

(3) Are claimants entitled to be allowed interest on their claims?

The District Court denied the petition for review and affirmed the order of the referee. By appeal, and by petition to superintend and revise, appellants seek reversal of the order of the District Court.

The conclusion we have reached as to the sufficiency of the acknowledgment renders it unnecessary to consider the first question certified. Section 1717 of the General Statutes of Florida is as follows:

"Every acknowledgment of, or promise to pay a debt barred by the statute of limitations, must be in writing and signed by the party to be charged."

Section 395 of the Code of Civil Procedure of New York is to the same effect. It is the acknowledgment, and not the promise, that is relied upon by appellants. We think the court below erred in holding this acknowledgment insufficient. In our opinion, the proof showed a compliance with the requirements of the statutes above quoted and cited. The creditors requested of the debtors a written statement of their indebtedness, and in pursuance of that request the statement was furnished. It can make no difference that the statement was prepared by the bookkeeper, because, after its preparation, it was delivered to the bankrupts, and by them in turn delivered to the creditor. The statement furnished by the bankrupts constitutes a clear, unconditional admission of the indebtedness, and was undoubtedly sufficient to constitute an acknowledgment under the laws of New York. Manchester v. Braedner, 107 N. Y. 346, text 349, 14 N. E. 405, 1 Am. St. Rep. 829; In re Lorillard, 107 Fed. 677, text 679, 46 C. C. A. 553.

In Wetzell v. Bussard, 11 Wheat. 309, 6 L. Ed. 481, the general rule is stated as follows:

"An unqualified admission that the debt is due at the time has always been held to remove the bar created by the statute."

The statement was signed within the meaning of the statute. By delivering it to appellants the bankrupts adopted it in its entirety, including the signature. Liberman v. Gurensky, 27 Wash. 410, 67 Pac. 998; In re Deep River National Bank, 73 Conn. 341, 47 Atl. 675. What constitutes a signing has arisen more frequently in cases involving the statute of frauds, under which the signing shown here would be sufficient.

The statute under consideration, in so far as it requires the writing to be signed, is identical with the statute of frauds; it was enacted for a like purpose, and therefore should be given a similar construction.

[2] The court below erred also in refusing to allow interest. Under sections 63a(1) and 65e of the Bankruptcy Act (Comp. St. §§ 9647a[1], 9649e), creditors are entitled to interest owing at the time of the filing of the petition.

The case is therefore reversed and remanded, with directions to allow the whole of the claim of appellants, together with interest to the date of the filing of the petition in bankruptcy.