## JOSEPH DENUNZIO FRUIT CO. v. CRANE et al.

No. 6940–C.

United States District Court
S. D. California, Central Division.

April 27, 1950.

Henry O. Wackerbarth, Los Angeles, Cal., for respondent and appellant Crane.

George C. Lyon, Los Angeles, Cal., for complainant and appellee Denunzio Fruit Co.

Ralph Moradian and G. L. Aynesworth, Fresno, Cal., for respondent and appellee John C. Kazanjian.

CARTER, District Judge.

This is a decision on a motion for a new trial filed by Raymond M. Crane, doing business as the Associated Fruit Distributors of California.

In 1945 the Joseph Denunzio Fruit Company filed a written complaint against Crane, and John C. Kazanjian, doing business as the Red Lion Packing Company, before the War Food Administrator of the Department of Agriculture. (Crane and Kazanjian will be referred to hereinafter as respondents.)

The complaint prayed damages in the sum of $5,723.50 which was the difference between the price at which the respondents had allegedly agreed to sell three carloads of grapes to Denunzio and the actual price paid by him to purchase the grapes elsewhere after the respondents allegedly breached the contract to sell. The trial examiner made an award on February 26, 1947, in favor of the Joseph Denunzio Fruit Company and against Crane, and dismissed the action as to Kazanjian. This award was affirmed by the Secretary of Agriculture on April 8, 1947, after a rehearing before the War Food Administration Board.

Thereafter, an appeal from the ruling of the Secretary of Agriculture was taken by Crane to the United States District Court for the Southern District of California where a trial de novo was conducted by the late Judge J. F. T. O'Connor. The District Court reached the same conclusion as the Secretary of Agriculture and the court's decision (as well as the complicated facts of this case) may be found in Joseph Denunzio Fruit Co. v. Crane et al., 1948, 79 F.Supp. 117.

A written motion for a new trial was filed by Crane, and following the untimely death of the trial judge, this case was assigned to us for hearing and decision on the motion.

It is the decision of this court that the motion for a new trial should be granted for the reason that the trial court was in error as a matter of law in holding that the contract in question was legal and enforceable.

The contract was one for the sale of three carloads of grapes. The consideration to be paid by the purchaser (Denunzio) consisted of two separate sums, (a) the price of the grapes, $2.50 per lug, to be paid to Crane, as agent for either an undisclosed or partially disclosed principal (Kazanjian), and (b) the "procurement charge" of $50 per car to be paid to Crane who negotiated the sale. This combined consideration amounted to approximately $2.54 per lug which exceeded the ceiling price of $2.50 per lug in effect, at the time the sale was to take place, under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 901(a), 902, and 904(a), and Maximum Price Regulation 426.

Section 904(a) of the Price Control Act expressly made it unlawful to sell, or to buy in the course of trade or business, any commodity in violation of any price regulation regardless of any contract.

■ It must be remembered that the purpose of the Emergency Price Control Act and other wartime legislation affecting prices was to prevent a runaway upward spiral of prices during the war, which would require the Government to pay additional sums for the vast amount of commodities it was purchasing to conduct the war, and thereby add to the ultimate cost of the war, and to prevent a great dislocation of the internal economy of the country. Whether the excess price was small or large, the harm was present and was within the purview of the statute.

In view of the wording of the statute, its purpose, and the public interest involved, the case is not one that warrants the application of the doctrine of "de minimis."

■ The effect of the Federal statute was to make illegal the doing of the prohibited act. Under California law, controlling in this case, a contract which has an unlawful object is illegal and void. California Civil Code, §§ 1598, 1667 and 1668; California Raisin Growers' Ass'n v. Abbott, 1911, 160 Cal. 601, 117 P. 767; MacRae v. Heath, 1922, 60 Cal.App. 64, 212 P. 228; Kings, Inc., v. Yucaipa Valley Fruit Co., 1936, 18 Cal.App.2d 47, 62 P.2d 1054; Severance v. Knight-Counihan Co., 1947, 29 Cal.2d 561, 177 P.2d 4, 172 A.L.R. 1107; Cf. Pappas v. Delis, 1947, 79 Cal.App.2d 392, 181 P.2d 61.

■ The contract under consideration here was an agreement to sell grapes at a price in excess of the maximum ceiling price; it was a contract to perform an act expressly declared unlawful by Congress. Upon principle and authority, a contract which contemplates an act expressly prohibited by statute is illegal and void. The general rule is well stated by the court in the case of Morgan Ice Co., v. Barfield, et al, 1945, Tex.Civ.App. 190 S.W.2d 847, where the court denied recovery to a buyer for breach of a contract to sell ice at a price in excess of the O.P.A. ceiling.

The trial court reasoned (79 F.Supp. at page 137) that if the procurement charge to the seller's agent increased the cost of the grapes to a price over the ceiling, thereby rendering the sale illegal, there was no "reason why the procurement charge cannot be separated from the other part of the

964

contract, admittedly legal otherwise, and only the procurement fee be declared illegal."

To reach this result the trial court mistakenly relied (79 F.Supp. p. 136) on California Civil Code, § 1599 which provides: "Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest."

This was clearly error. There was no illegality in the purchase price of the grapes alone, the price being within the ceiling. There was no illegality, in itself, in the payment of a procurement charge. The illegality existed only when the consideration to be paid by the buyer for the grapes and the procurement charge, added together, exceeded the ceiling.

There is no logical theory on which it can be said that the procurement fee alone was illegal and the contract for the grapes legal, any more than the reverse could be said to be true, namely that the procurement fee was legal and the price of the grapes illegal.

Assuming there were two objects to the contract, neither was in itself unlawful and hence section 1599 would not be applicable.

The granting of the motion for the new trial by the court herein on the grounds set forth in this opinion should dispose of the case without the necessity for a new or further trial. Since the court has held the contract illegal and unenforceable, there appears no good reason why the case should be retried.

The oral motion of respondent-appellee, John J. Kazanjian, made in open court on February 20, 1950, that the proceedings on motion for new trial be dismissed as to him, is denied.

Counsel for Crane will prepare new findings of fact, conclusions of law and judgment in conformity with the court's opinion, within 15 days.