## JOSEPH DENUNZIO FRUIT CO. v. CRANE et al.

### No. 12662.

United States Court of Appeals
Ninth Circuit.

April 16, 1951.

Rehearing Denied May 10, 1951.

Moss, Lyon & Dunn, Los Angeles, Cal. for appellant Joseph Denunzio Fruit Co.

Henry O. Wackerbarth, Los Angeles, Cal., for appellant Crane.

G. L. Aynesworth, L. Nelson Hayhurst, Fresno, Cal., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

This is an appeal by the Denunzio Corporation from a judgment dismissing its action as to Crane and Kazanjian. See opinion of lower court reported in 89 F. Supp. 962.

After entry of the judgment directed by Judge O'Connor, 79 F.Supp. 117, Crane moved for a new trial. Judge O'Connor died before this motion could be heard by him and it was subsequently heard and determined by Judge Carter, 89 F.Supp. 962.[1]

Upon the hearing on Crane's motion for a new trial Judge Carter entered a judgment awarding a new trial and ordered therein that the findings of fact, conclusions of law and judgment previously made and entered by Judge O'Connor be vacated and set aside. The judgment also recited that since no new evidence is involved further proceedings on the new trial were unnecessary in view of *reconsideration* by Judge Carter of all of the issues of fact and law

---

1. A full discussion of the facts and legal issues involved in this litigation appears in Joseph Denunzio Fruit Co. v. Crane, D.C., 79 F.Supp. 117 and Joseph Denunzio Fruit Co. v. Crane, D.C., 89 F.Supp. 962. Reference is also made to an earlier proceeding by the parties before the Secretary of Agriculture on the complaint of Denunzio, the decision of that official in favor of Denunzio and against Crane being reported in 6 Agricultural Decisions 139. An appeal from the ruling and award of the Secretary was taken to the lower court and its opinion is reported in 79 F.Supp. 117.

adduced at the trial before Judge O'Connor. Judge Carter thereupon made new findings of fact which were identical with those previously made by Judge O'Connor but new and different conclusions of law based upon these facts were made and entered by Judge Carter, this for the reason that Judge Carter was persuaded that the conclusions of law drawn by Judge O'Connor were not supported by the facts as found by him and by Judge Carter and that Judge O'Connor had improperly applied the law to the facts.

In his conclusions of law Judge Carter concluded (among pertinent matters) that:

1. That in negotiating the contract here involved Crane was acting as agent for Kazanjian who was the undisclosed or partially disclosed principal.

2. That the contract here involved was for the sale of three carloads of grapes for a consideration consisting of two sums: (a) the first sum being $2.50 per lug, to be paid to Crane as such agent (of Kazanjian), and (b) the second sum being the procurement charge of $50.00 per car, to be paid to Crane for negotiating the sale, making a combined consideration amounting to approximately $2.54 per lug which exceeded the price ceiling of $2.50 per lug which was in effect at the time said sale was to take place, (Maximum Price Regulation No. 426).

3. That this contract was unlawful and void because it violated the ceiling price established by the said price regulation, it being unlawful to sell or buy grapes in violation of this price regulation regardless of any contract.

4. The contract of the parties being illegal and void no further proceedings on a new trial are necessary, and Crane and Kazanjian are entitled to judgment that Denunzio take nothing by its cause of action asserted in the complaint.

Judge Carter entered judgment based on these new conclusions and this appeal by Denunzio followed, Crane cross-appealing on the ground that Judge Carter erred:

"1. In finding Crane offered to sell grapes.

"2. In finding Crane, on behalf of Kazanjian, repudiated the contract by his telegram of October 10, 1944.

"3. In finding Crane repudiated said contract as agent.

"4. In making the implied Finding of Fact that in negotiating the contract in question Crane was acting as agent for Kazanjian, who was the undisclosed or partially disclosed principal.

"5. In making the following Conclusion of Law: 'That in negotiating the contract referred to in Paragraph II of the Foregoing Findings of Fact, * * * Crane, * * * was acting as agent for * * * Kazanjian, who was the undisclosed or partially disclose principal.'

"6. In holding that the Findings of Fact and the evidence support the Conclusion set forth in paragraph IV of said Conclusions to the effect that the sum of $2.50 per lug was to be paid to Crane as agent for Kazanjian."

Crane summarizes his position by arguing that he acted as buying agent or procuring broker for Denunzio, and that being the agent of Denunzio he would not be liable to Denunzio for the failure of Kazanjian to deliver under the alleged contract.

■ The primary question presented by this appeal has to do with the legality of the contract. We have carefully considered the fact situation presented by this record and the findings of fact and conclusions of law entered by both trial judges. Upon this record we are satisfied that Judge O'Connor's findings of fact are supported by substantial evidence, and that his conclusions of law are supported by his findings of fact. We think that Judge Carter erred in setting aside these findings of fact and conclusions of law and that the conclusions of law entered by Judge Carter are erroneous.

■ The cross appeal of Crane relates to the question of whether Crane was acting on behalf of the buyer or the seller. We are satisfied that the findings in this regard are amply supported by substantial evidence and that the conclusions of Judge O'Connor are supported by the findings.

The conclusions of law entered by Judge Carter are vacated and set aside and the judgment entered by him is reversed with directions to reinstate the findings of fact, conclusions of law and judgment of Judge O'Connor.