**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robin Marie TASHER, Defendant-
Appellant.**

**No. 71-1343.**

United States Court of Appeals,
Tenth Circuit.

Jan. 5, 1972.

---

10. *See* note 9 *supra*.

J. F. Brauer, Arvada, Colo., for defendant-appellant.

William K. Hickey, Asst. U. S. Atty. (James L. Treece, U. S. Atty., on the brief), for plaintiff-appellee.

Before PICKETT, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

Robin Marie Tasher was convicted of four counts of violation of 18 U.S.C. § 500, passing, with intent to defraud, forged or altered Post Office Department money orders with knowledge of material signatures thereon to be false, forged and counterfeited.

The money orders in question were allegedly stolen in a burglary of the Kodak, Tennessee, post office. Among the items taken was an unopened, sealed box which allegedly contained the blank money orders, the serial numbers of which the Postmaster had previously received by separate mail and had recorded.

At trial, the Kodak, Tennessee, Postmaster testified the serial numbers of the cashed money orders were from

among the numbers he had recorded from the list of serial numbers sent him. He testified, however, that he had no personal knowledge that the money orders in question were actually in the sealed box since he had never opened the box and had never personally inventoried its contents. Appellant objected to this testimony at trial on the basis of the Postmaster's inability· to testify from his own personal knowledge as to the contents of the box. Appellee, however, urges the testimony based on his recordation of the serial numbers is admissible as a business record, and the lack of personal knowledge affected only the weight of this testimony. The source of the money order, whether obtained by lawful or· unlawful means, is not an element of the offense charged. We therefore decline consideration of the merits of the argument. Nor do we reach support for this argument under the "plain error" rule. F.R.Crim.P. Rule 52(b).

■ Appellant next contends her conviction should be overturned due to the failure of the government to prove certain elements of the crime. She first contends one of the elements of the crime, that of a material signature, is absent. She contends the initials on the money order in the blank calling for "initial of issuing employee" does not constitute a signature. We disagree. A signature may consist of initials only, when the initials are contemplated to be representative of the person making the initials.[1]

■ Tasher next asserts the government failed to prove the element of forgery in not proving that the persons who wrote the initials were not writing their own initials. We feel the case of Quick Service Box Co. v. St. Paul Mercury Indemnity Co., 95 F.2d 15 (7th Cir.

1938), is applicable to this situation. It was there stated, "Nor does the fact that . . . he signed his own name negative the idea of forgery, for, if the signature is false in any material part and calculated to induce another to give credit to it as genuine, it is truly forgery." Quick Service Box Co., *supra,* at 17. That court, in discussing the commission of an act of forgery, further stated, "if the deceit consists in making it appear that a man's own act was done under circumstances which would make it valid and genuine, when in fact it was false and unauthorized, the result is the same." Quick Service Box Co., *supra.* The persons who initialed the money orders were clearly shown by the government's evidence not to be employees of the Post Office at Kodak, Tennessee. Whoever placed the initials on the money orders, whether it be his own initials, those of someone else, or merely two letters randomly selected from the alphabet, did so intending to lend authenticity to the money orders when, in fact, they were false.

■ Appellant next asserts failure of proof of the government's case in failing to prove knowledge of the forged signatures. The government's proof consisted of testimony that there were no post office employees at Kodak, Tennessee, with initials corresponding to those on the money orders, and that the post office stamps used on the money orders were not genuine. Additionally, an official from the Richmond, Virginia, Post Office, from which the money orders were allegedly issued, testified the money orders had never been in the Richmond stock. "The issue of criminal intent or guilty knowledge is usually a question of fact for the jury to determine . . . seldom susceptible of proof by direct evidence." United

1. Joseph Denunzio Fruit Co. v. Crane, 79 F.Supp. 117 (S.D.Cal.1948), vacated, 89 F.Supp. 962 (S.D.Cal.1960), rev'd, 188 F.2d 569 (9th Cir. 1951), cert. denied, 342 U.S. 820, 72 S.Ct. 37, 96 L.Ed. 620, cert. denied, 344 U.S. 829, 73 S.Ct. 32, 97 L.Ed. 645; Gendzier v. Bielecki, 97 So.2d 604 (Fla.1957); Brown v. Grzeskowiak, 230 Ind. 110, 101 N.E.2d 639 (1951); Greenland v. Carter, 219 Iowa 369, 258 N.W. 678 (1935); In re Mack's Will, 21 A.D.2d 205, 250 N.Y. S.2d 177 (1964).

States v. Mecham, 422 F.2d 838 (10th Cir. 1970). There is sufficient direct and circumstantial evidence which would support the jury verdict.[2]

Affirmed.

2. United States v. Ramsdell, 450 F.2d 130 (10th Cir. 1971).