UNITED STATES

v.

**Robert C. FAIRCHILD, 545 02 0916, Corporal (E–4), U. S. Marine Corps.**

**NMCM 82 0056.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 13 July 1981.

Decided 30 June 1982.

MAJ James P. Axelrod, USMC, Appellate Defense Counsel.

LCDR W. A. Dorsey, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and BOHLEN and MICHAEL, JJ.

MICHAEL, Judge:

At a general court-martial, military judge alone, appellant pleaded guilty and was convicted of larceny of a military vehicle, in violation of. Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921, willfully damaging that vehicle by "stripping" parts from it for purposes of selling those parts, in violation of Article 108, UCMJ, 10 U.S.C. § 908, and a brief unauthorized absence, in violation of Article 86,

UCMJ, 10 U.S.C. § 886. He was sentenced to confinement at hard labor for one year, forfeiture of $150 pay per month for one year, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence but suspended all confinement in excess of seven months for the period of confinement and six months thereafter.

■ Appellant assigns two errors for consideration by this Court. Our decision in *United States v. Kesteloot,* 6 M.J. 706 (N.C. M.R.1978), is dispositive of the second assignment, in which appellant contends that the Charges and supporting specifications alleging larceny and willful damage to military property are multiplicious for purposes of sentencing. Those offenses, while most likely generated by the same impulse, did not constitute a single, integrated transaction and, therefore, are separately punishable. *Id.* at 709; *see also United States v. Hutchins,* 11 M.J. 867 (N.M.C.M.R.1981).

■ In the remaining assignment of error, also without merit, appellant asserts the following:

SINCE APPELLANT DID [NOT] KNOW THE IDENTITY OF THE MILITARY JUDGE AT THE TIME HE EXECUTED HIS REQUEST FOR TRIAL BY MILITARY JUDGE ALONE, THE COURT WAS WITHOUT JURISDICTION TO TRY THE APPELLANT.[1]

On 8 May 1981, appellant signed his request for trial by military judge alone. On 13 July 1981, Colonel Kaye was substituted, by oral modification of the convening order, for Lieutenant Colonel Baker as the military judge detailed for appellant's court-martial. The convening order originally detailing Lieutenant Colonel Baker is dated 11 July 1981, some two months after appellant signed the request. Colonel Kaye's name was inserted in the written request and he is the only military judge so reflected, *i.e.*

no other judge's name has been deleted. It is apparent that appellant signed the request-for-military-judge-alone document in blank, most likely in pursuit of some perceived administrative convenience at the behest of trial defense counsel. Obviously someone inserted Colonel Kaye's name just prior to submission of the request since trial was held on the date of Colonel Kaye's detail as military judge.

Upon examination of the written request at trial, Colonel Kaye noted a potential discrepancy and conducted the following colloquy with appellant to assure himself that appellant still desired to be tried by military judge alone and was satisfied with the change in detailed military judge:

MJ: Have you made up your mind as to which type of trial you would like?

ACC: Yes, sir. Military judge alone, sir.

MJ: All right. Is there a request in writing for trial by military judge alone?

DC: Yes, sir, there is. Excuse me, sir. I now hand to the Military Judge a request for trial by military judge alone.

MJ: I have before me what appears to be a request in writing for trial by military judge alone in this case. In the space for the name of the military judge is my name, "Colonel R. J. Kaye." Below that is the typed name, "Corporal R. C. Fairchild." Above that appears to be a signature and the date of May 8th, 1981.

I hold this document up to you and ask you is that your signature by my thumb?

ACC: Yes, sir.

MJ: You signed this document on the 8th of May?

ACC: Yes, sir.

MJ: Now, at the time you signed this document, I was not detailed as the military judge in this case. In fact, it was Judge Baker; is that correct?

ACC: Yes sir.[2]

---

1. We have inserted the operative negative, in brackets, in the assignment of error, contrary to the statement of the assignment in both defense and government appellate briefs. We divine from their briefs that such is the meaning, especially since the submitted error would

be senseless otherwise. Such matters of drafting and proofreading merit critical attention.

2. As shown above, this statement is not entirely correct since no one had been detailed as military judge when the request was signed.

MJ: Now I am the Military Judge in this case. Do you want trial by military judge alone with me as the military judge?

ACC: Yes, sir.

MJ: You have discussed this matter with your defense counsel?

ACC: Yes, sir.

MJ: All right. The request for trial by military judge alone is approved and will be appended to the record of trial.

R. 46.

Article 16(1)(B), UCMJ, 10 U.S.C. § 816(1)(B), establishes certain jurisdictional prerequisites for trial by military judge alone, *see United States v. Stearman*, 7 M.J. 13 (CMA 1979), including the requirement that the accused's request for a bench trial be in writing. *See United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970). The Court of Military Appeals has further interpreted the Article 16(1)(B), UCMJ, requirement for a written request as mandating that "[w]hen the military judge who functions is different from the one named in an accused's request to be tried by military judge alone, the accused must execute a new request. . . ." *United States v. Rountree*, 21 U.S.C.M.A. 62, 44 C.M.R. 116 (1971), citing *United States v. Dean, supra*.

The facts of the present case, however, are distinguishable from those in *United States v. Rountree, supra*. In *Rountree*, the military judge who tried the accused was different from the one named in the request for trial by military judge alone. Here, the military judge who tried appellant was the one named in the request document, the problem being that the name of the judge was added *after* appellant executed the request. Such a distinction is, of course, insignificant for, as in *Rountree*, it is obvious that appellant did not know the identity of the military judge who tried him at the time he signed the request. What is significantly different in the present case, and thus distinguishing from *Rountree*, is

the integration of the original request with the above dialogue between Colonel Kaye and appellant excerpted from the record of trial.

We hold, therefore, that the request submitted at trial is tantamount to a new request for trial by military judge alone, made with knowledge of the identity of the military judge and constituting compliance with the jurisdictional prerequisites of Article 16(1)(B), UCMJ. As stated in *United States v. Paschall*, 49 C.M.R. 181 (ACMR 1974):

> [W]e know that appellant's written request was made before assembly; that it was altered to conform to new circumstances by his counsel only after he and his counsel discussed the change in military judges; and appellant knowing the identity of the new judge elected to request trial before him alone. While no doubt the best practice is preparation of another request, we believe that the above-described events, in the sequence in which they occurred constituted the legal equivalent of a new request for trial by military judge alone and effected compliance with Article 16, Uniform Code of Military Justice, supra.

*Id.* at 182.[3]

To hold otherwise would produce the foolish and anomalous result that the unsanctioned clerical methods of trial defense counsel would serve to void the jurisdiction of the court and nullify the proceedings on review. As stated in *United States v. Hussey*, 1 M.J. 804 (AFCMR 1976):

> [I]t is a cardinal principle that counsel cannot create error in a trial and then seek reversal on appeal on that ground. *See United States v. Parker*, 8 U.S.C.M.R. 704, 25 C.M.R. 208 (1958).

*Id.* at 807.

It is clear to us that trial defense counsel has attempted to "short-circuit the system" when confronting the rule that the identity of the military judge be known prior to

3. In *United States v. Paschall, supra*, the Court of Military Appeals granted the government's motion to dismiss appellant's petition for review. It is erroneously reported at 49 CMR 889 that appellant's petition for review was granted. *See United States v. Hussey*, 1 M.J. 804, 807 n. 3 (AFCMR 1976).

execution of a request for a bench trial. What is not clear is his reason for doing so beyond some felt convenience.[4] This situation demonstrates how failure to follow what should be a simple administrative procedure can consume an inordinate amount of time and effort on review. Since the burden of ensuring proper procedure at trial must rest ultimately with the government, trial counsel should be alert and avoid such pitfalls.

Accordingly, we reject Assignment of Error I and find jurisdiction in the court in this case. The findings and sentence as approved on review below are affirmed.

Senior Judge SANDERS and Judge BOHLEN concur.

---

4. The practice engaged in here does reveal, however, that in a request for trial by military judge alone, it is perhaps the forum which is the critical consideration for the accused, and not the identity of the particular military judge. We are willing to surmise that most accused persons know little or nothing about an individual military judge and his proclivities to make any meaningful choice based on his identity. *See United States v. Hussey, supra.* It may be, then, that the requirement of Article 16(1)(B), UCMJ, that the military judge be known to the accused *in advance of a request for bench trial* serves no real, useful purpose. (We can see value to the accused in retaining the right to cancel such a request up to the point of assembly of the court in order to preserve all of his rights and options. Presumably, with the judge sitting before him, an accused—to say nothing of his counsel—should be aware of who will try his case and will find the voice to speak up, when queried as to his forum choice, if he is not satisfied.) Regardless of the relative value of the rule, however, we are not in a position to dispense with this statutory requirement—and neither is trial defense counsel.