**UNITED STATES**

v.

**Ivan Glen CALHOUN, 413 29 6885, Fireman Recruit (E–1), U. S. Navy.**

**NMCM 82 1346.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 Aug. 1982.

Decided 30 July 1982.

LT Earl B. Taylor, JAGC, USNR, Appellate Defense Counsel.

LCDR W. A. Dorsey, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

MALONE, Judge:

Appellant was tried at a special court-martial bench trial on three specifications of unauthorized absence, violations of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. Appellant plead and was found guilty of all alleged violations. He was sentenced to confinement at hard labor for 75 days, forfeitures of pay of $150.00 per month for two months and a bad-conduct discharge. The convening authority approved the findings and sentence, but suspended for one year all confinement in excess of 45 days. The supervisory authority approved the findings and sentence as approved and suspended by the convening authority. Appellate counsel have briefed one issue for our consideration:

WHETHER APPELLANT'S COURT-MARTIAL COMPOSED OF MILITARY JUDGE ALONE HAD JURISDICTION TO TRY APPELLANT WHEN THE WRITTEN REQUEST TO BE TRIED BY MILITARY JUDGE ALONE PREPARED FOR THAT PURPOSE HAD NOT BEEN SIGNED BY APPELLANT.

Appellant's written request for a bench-trial contained three spaces in which appellant's name was to appear. The first of those, the case-style space, was completed by a hand-printed representation of appellant's rank and name. The second, where the "Signature of Accused" was to appear, was blank. The third, directly below the second, was to contain the accused's "Typed Name and Grade." It contained a second hand-printed representation of appellant's rank and name. The hand-printing in the third space was the same as that in the first. Indeed, it apparently is the same hand as had printed the names and ranks of the trial defense counsel, trial counsel, and the military judge in the spaces respectively reserved for their typed names and grades on the same form, as well as that which completed the Appellate Rights, Administrative Information, and Special Power of Attorney forms contained in the record. It apparently is not appellant's hand-printing. In all other respects, including both the hand-printed representation of the appointed judge's name and his signature, the request-form was complete.

At trial, the adequacy of the formal request was discussed in the following inquiry, omitting therefrom the military judge's explanation of appellant's right to trial by members:

MJ: Very well. I have received a written request for trial by military judge alone. Fireman Recruit Calhoun, the document that I refer to appears to bear your signature, dated today's date. Is this your signature on the document?

ACCUSED: Yes, sir.

MJ: Now ... I note that my name is printed in up at the top of the form. Was it on the document at the time you signed it?

ACCUSED: Yes, sir.

MJ: You were aware that I would be the judge here this afternoon?

ACCUSED: Yes, sir.

 *  *  *  *  *  *

MJ: Now, if I try the case as judge alone, I alone will determine your guilt or innocence, and should I find you guilty of any offense, I alone will determine your sentence. Do you understand this?

ACCUSED: Yes, sir.

MJ: Do you have any questions about this matter?

ACCUSED: No, sir.

MJ: Has anyone tried to force or pressure you in any way into making the request?

ACCUSED: No, sir.

MJ: At this time, do you still desire that I try the case as judge alone?

ACCUSED: Yes, sir.

MJ: All right. Then I will approve your request at this time. The written request will be attached to the record.

(R. 4–5).

 *  *  *  *  *  *

■ Although there is neither a Constitutional nor statutory requirement that a request for bench trial be supplemented by a judicial inquiry at trial into an accused's choice of forum, it is executive policy that such an inquiry should take place. Paragraph 53*d*(2), *Manual for Courts-Martial, 1969 (Rev.)* (MCM).

■ However, absent a written request for trial by military judge alone, the jurisdictional form of such a trial may not be established through inquiry alone at trial. *United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970). The Court of Military Appeals has also expressed its preference for the practice of the military judge conducting an inquiry at trial into an accused's forum choice upon receipt of the written request for trial before military judge alone. *United States v. Jenkins*, 20 U.S.C. M.A. 112, 42 C.M.R. 304 (1970). It has been, and continues to be, this Court's policy to evaluate the sufficiency of a bench-trial request form and a forum choice inquiry each in context with the other. As we find the inquiry was sufficient to support a written request *personally* signed by an accused, the question now is whether it could save a request form not so signed.

■ Appellate Government counsel refers this Court to *Fisher v. McGuire,* 282 Md. 507, 385 A.2d 211 (1978), for the proposition that when appellant herein acknowledged the bench-trial request as his own and claimed that his signature appeared thereon, he adopted as his signature another's hand-printed representation of his name. We are persuaded that such a valid adoption in fact occurred here. "A 'signature' is whatever mark, symbol or device one may choose to employ as representative of himself." *Joseph Denunzio Fruit Company v. Crane,* 79 F.Supp. 117 (S.D.Cal. 1948); *vacated* 89 F.Supp. 962 (S.D.Cal. 1950); *vacation rev'd, aff'd* 188 F.2d 569 (9th Cir. 1951); *cert. den.* 342 U.S. 820, 72 S.Ct. 37, 96 L.Ed. 620 (1951). "While by long usage and custom 'signature' has come generally to mean the name of a person written by himself, his autograph, that signification is derivative, and is not inherent in the word itself." (footnotes omitted). 80 C.J.S. *Signatures* § 1a (1953).

Having concluded that by adopting the hand-printed representation of his name as his signature, appellant has thereby signed the document, we also bind him to that forum choice because the submission of the form was understandingly made by the appellant and accepted as such by the military judge.

> Instruments not required to be ... signed by the parties may be binding if accepted by the parties although not signed. In the absence of a statutory requirement of signature, it is not essential to the validity of a sealed instrument that the obligor sign it; sealing it is sufficient. (footnotes omitted).

*Id.* § 1b. Although the form in question was not a "sealed" document in the common law sense of the word, when signed by the military judge after his approval of the accused's request at the conclusion of the forum choice inquiry, it carried with it the same evidence of reliability as was accorded sealed documents of a by-gone era. On this basis, we find the situation before us sufficiently analogous to one in which a document might be "sealed" to allow application of the same reasoning. This, of course, raises the question whether there was a statutory requirement of signature in the case before us now. We find there was not.

■ Article 16, UCMJ, 10 U.S.C. § 816, the relevant statute, reads, in pertinent part, as follows:

> The three kinds of courts-martial in each of the armed forces are—
> ** (1) general courts-martial, consisting of—
>> ** (B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves;
> ** (2) special courts-martial, consisting of—
>> ** (C) only a military judge, if one has been detailed to the court, and the accused under the same conditions as those prescribed in clause (1)(B) so requests;
>
> *        *        *        *        *        *

This statutory requirement that the request for a bench trial be made in writing is, as we have seen, jurisdictional in nature. *United States v. Dean, supra.* Article 16, however, does not in and of itself require the accused to attach his signature to the requisite written request. Nor is signature mandated by executive order. Paragraph 53*d*(2), MCM, requires only that the request be in writing. Nowhere is the matter of signature discussed.

In the absence of a statutory requirement for the accused's personal signature, we find appellant could ratify or adopt another's representation of his name as his signature. *J. & S. Ferguson v. Lyle,* 267 F. 817 (5th Cir. 1920); *Kadota Fig Ass'n of Producers v. Case-Swayne Co.,* 73 Cal.App.2d 815, 167 P.2d 523 (Ct.App.3d. Dist. 1946). Had there been a statutory requirement that appellant personally sign the request form, this would not have been the case, for subsequent ratification would have been impossible. *Commonwealth v. Connelly,* 163 Mass. 539, 40 N.E. 862 (Sup.Jud.Ct.,

Bristol 1895). In conclusion, the supporting rationale expressed in *Fisher* best describes the rationale we have used to reach our instant decision.

> [I]t has been almost universally recognized both in England and in this country that a person's name, whether signed by another or mechanically printed, constitutes a valid signature of that person when he recognizes and appropriates it as his. And formal acknowledgment of the instrument by one whose name is signed on it by another results in the signature becoming, by adoption, that of the one who acknowledges it. The signature, in these circumstances, is as effective as if the person's hand had guided the pen over the paper.... The rationale for the conclusion we express here can best be explained by pointing out that the acts of formally acknowledging a deed before a state official and of delivering the document ... are so positive and emphatic that the grantor is deemed to have adopted the signing, no matter who actually performed the act, nor whether it was done with or without the grantor's consent.

*Fisher v. McGuire, supra*, 385 A.2d at 213–214.

■ With appellant's assurances to the military judge that he had knowingly signed the document, we find a "positive and emphatic" demonstration of appellant's intention to adopt as his own signature the printed representation of his name. In this case, such an emphatic demonstration of adoption saves the defective request form from being considered a nullity. We certainly do not wish to imply our lack of concern for this deviation from the obviously preferred practice of having the accused sign his request form, however.

> To hold otherwise would produce the foolish and anomalous result that the unsanctioned clerical methods of trial defense counsel would serve to void the jurisdiction of the court and nullify the proceedings on review.... [I]t is a cardinal principle that counsel cannot create error in a trial and then seek reversal on appeal on that ground. (citations omitted).

*United States v. Fairchild*, 13 M.J. 918 (N.M.C.M.R.1982).

In light of the foregoing, the findings of guilty and sentence as approved and probationally suspended on review below are affirmed.

Senior Judge GLADIS and Judge BYRNE concur.